UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARTIN HECHT AS ADMINISTRATOR OF THE ESTATE OF DAVID F. GREENBERG,<br><br>                      Plaintiff,<br><br>                      v.<br><br>NEW YORK UNIVERSITY AND DEMOCRATIC SOCIALISTS OF AMERICA, INC.,<br><br>                      Defendants. | **ANSWER OF NEW YORK UNIVERSITY**<br><br>Civil Action No. 1:25-cv-03042-PAE |

Defendant New York University ("Defendant" or "NYU") answers the Complaint of Plaintiff Martin Hecht, as Administrator of the Estate of David F. Greenberg as follows:

1. Paragraph 1 of the Complaint is a description of Plaintiff's action and does not contain factual allegations that require responses.

2. Paragraph 2 of the Complaint is a description of Plaintiff's action and does not contain factual allegations that require responses; to the extent responses are required, NYU ADMITS that the Decedent David F. Greenberg was an employee of NYU but DENIES any liability to Plaintiff and LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations directed to Defendant Democratic Socialists of America, Inc. ("DSA").

3. DENIES the allegations in paragraph 3.

4. DENIES the allegations in paragraph 4.

5. With respect to paragraph 5, ADMITS, upon information and belief, that Decedent died on July 12, 2024, and further states that the referenced contract speaks for itself.

6. With respect to paragraph 6, ADMITS, upon information and belief, that Decedent's parents predeceased him, and that NYU is attempting to locate the successor in interest to the contingent beneficiary, and DENIES the remaining allegations in said paragraph.

7. Paragraph 7 of the Complaint is a description of Plaintiff's action and does not contain factual allegations that require responses; to the extent responses are required, NYU DENIES any liability to Plaintiff.

8. Paragraph 8 states a legal conclusion to which no response is required.

9. Paragraph 9 states a legal conclusion to which no response is required; to the extent a response is required, NYU DENIES that it breached any obligation to Plaintiff.

10. ADMITS the allegations in paragraph 10.

11. With respect to paragraph 11, states that the referenced Exhibit A speaks for itself.

12. With respect to paragraph 12, states that the referenced Exhibit B speaks for itself.

13. LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in paragraph 13.

14. LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in paragraph 14.

15. With respect to the allegations in paragraph 15, ADMITS that NYU is the Plan sponsor, and states that the remainder of said paragraph states a legal conclusion

to which no response is required, and NYU refers to the referenced Act for its provisions.

    16.    ADMITS the allegations in paragraph 16.

    17.    LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in paragraph 17.

    18.    Paragraph 18 of the Complaint states a legal conclusion to which no response is required, and NYU refers to the referenced statutes for their provisions.

    19.    Paragraph 19 of the Complaint states a legal conclusion to which no response is required, and NYU refers to the referenced statute for its provisions.

    20.    With respect to paragraph 20, ADMITS that the NYU Retirement Plan for Members of the faculty, Professional Research Staff, and Administration ("the Plan") is a tax-deferred retirement savings plan and that a participant's monthly retirement benefit depends on the amount of money that is contributed to the participant's account through salary deferrals and specified contributions made by NYU before the participant retires and how this money grows through investment by the time the participant retires, and DENIES any remaining allegations in said paragraph.

    21.    DENIES the allegations in paragraph 21.

    22.    Paragraph 22 states a legal conclusion to which no response is required, and NYU refers to the referenced statute for its provisions.

    23.    With respect to paragraph 23, ADMITS that NYU is the Plan Administrator and states that the remainder of said paragraph states a legal conclusion to which no response is required, and NYU refers to the referenced statute for its provisions.

24. Paragraph 24 states a legal conclusion to which no response is required, and NYU refers to the referenced statute for its provisions.

25. ADMITS the allegations in paragraph 25.

26. ADMITS the allegations in paragraph 26.

27. ADMITS the allegations in paragraph 27.

28. ADMITS the allegations in paragraph 28.

29. ADMITS the allegations in paragraph 29.

30. ADMITS the allegations in paragraph 30.

31. ADMITS the allegations in paragraph 31.

32. With respect to paragraph 32, ADMITS that Louis and Mina Greenberg predeceased the Decedent and that the New American Movement was the contingent beneficiary, LACKS KNOWLEDGE OR INFORMATION SUFFICIENT to form a belief as to the truth of the allegations concerning the dates of death of Louis and Mina Greenberg, and DENIES any remaining allegations in said paragraph.

33. LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in paragraph 33, and NYU refers to the cited website for its contents.

34. ADMITS, upon information and belief, that the New American Movement merged with the Democratic Socialist Organizing Committee to form the DSA, and LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the remaining allegations in said paragraph.

35. ADMITS, upon information and belief, the allegations in paragraph 35.

36. DENIES the allegations in paragraph 36.

37. LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in paragraph 37.

38. LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in paragraph 38.

39. With respect to paragraph 39, ADMITS that Decedent executed beneficiary designations for account number A6132193/P6132190 on or about February 25, 1974, and the Vietnam War was ongoing as of that date, and, upon information and belief that Decedent was thirty-one years old and residing in the United States on that date, and DENIES any remaining allegations in said paragraph.

40. With respect to paragraph 40, states that the referenced contract speaks for itself, and LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the remaining allegations in said paragraph.

41. With respect to paragraph 41, states that the referenced beneficiary designation document speaks for itself, and LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the remaining allegations in said paragraph.

42. ADMITS that the referenced custodial account was transferred to TIAA, which was (and is) the recordkeeper of the Plan, and states that the referenced contract speaks for itself.

43. With respect to paragraph 43, ADMITS, upon information and belief, that Louis Greenberg died prior to Decedent and that, upon information and belief, the New American Movement merged with the DSA in or around 1982, and LACKS KNOWLEDGE OR INFORMATION as to the date of death of Louis Greenberg, and DENIES any remaining allegations in said paragraph.

44. LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in paragraph 44.

45. LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in paragraph 45.

46. LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in paragraph 46.

47. With respect to paragraph 47, states that the referenced contract speaks for itself and LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the remaining allegations in said paragraph.

48. With respect to paragraph 48, state that the referenced contracts speak for themselves.

49. LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in paragraph 49.

50. With respect to paragraph 50, DENIES that NYU "failed to inform Decedent" of any discrepancy and LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of any remaining allegations in said paragraph.

51. DENIES the allegations in paragraph 51.

52. With respect to paragraph 52, states that the referenced Exhibit C speaks for itself.

53. With respect to paragraph 53, states that the referenced correspondence speaks for itself.

54. Paragraph 54 states a legal conclusion to which no response is required, and NYU refers to the referenced statute for its provisions.

55. With respect to paragraph 55, states that the referenced Exhibit D speaks for itself.

56. With respect to paragraph 56, states that the referenced Exhibit D speaks for itself.

57. With respect to paragraph 57, states that the referenced correspondence speaks for itself.

58. DENIES the allegations in paragraph 58.

59. With respect to paragraph 59, states that the referenced Exhibit E speaks for itself.

60. With respect to paragraph 55, states that the referenced Exhibit F speaks for itself.

61. With respect to paragraph 61, states that the referenced Appendix and Exhibit D speak for themselves.

62. Paragraph 62 states a legal conclusion to which no response is required and NYU refers to the referenced regulation for its provisions; to the extent a response is required, DENIES the allegations in said paragraph.

63. Paragraph 63 states a legal conclusion to which no response is required and NYU refers to the referenced regulation for its provisions; to the extent a response is required, states that the referenced Exhibit F speaks for itself, and DENIES any remaining allegations in said paragraph.

64. Paragraph 64 states a legal conclusion to which no response is required and NYU refers to the referenced regulation for its provisions and to the referenced

legal authority for its contents; to the extent a response is required, DENIES the allegations in said paragraph.

65. DENIES the allegations in paragraph 65.

66. Paragraph 66 states a legal conclusion to which no response is required and NYU refers to the referenced regulation for its provisions; to the extent a response is required, DENIES the allegations in said paragraph.

67. Paragraph 67 states a legal conclusion to which no response is required and NYU refers to the referenced regulation for its provisions and the referenced legal authority for its contents; to the extent a response is required, DENIES the allegations in said paragraph.

68. Paragraph 68 states a legal conclusion to which no response is required; to the extent a response is required, DENIES the allegations in said paragraph.

69. Paragraph 69 states a legal conclusion to which no response is required and NYU refers to the referenced statute for its provisions.

70. Paragraph 70 states a legal conclusion to which no response is required; to the extent a response is required, NYU refers to the Plan documents for their content and an accurate statement of NYU's roles and responsibilities under the Plan.

71. Paragraph 71 states a legal conclusion to which no response is required and NYU refers to the referenced legal authority for its contents and the referenced regulation for its provisions; to the extent a response is required, NYU DENIES the allegations in said paragraph.

72. DENIES the allegations in paragraph 72.

73. DENIES the allegations in paragraph 73.

74. DENIES the allegations in paragraph 74.

75. DENIES the allegations in paragraph 75.

76. Defendant repeats its responses to the inclusive allegations in paragraph 76 consistent with the responses set forth above.

77. Paragraph 77 is a description of Plaintiff's claim and does not contain factual allegations to which responses are required; to the extent a response is required, NYU refers to the referenced statute for its provisions.

78. Paragraph 78 is a description of Plaintiff's claim and does not contain factual allegations to which responses are required; to the extent a response is required, NYU refers to the referenced statutes for their provisions and DENIES that it is liable to Plaintiff.

79. Paragraph 79 is a description of Plaintiff's claim and does not contain factual allegations to which responses are required; to the extent a response is required, NYU refers to the referenced statutes for their provisions and DENIES that it is liable to Plaintiff.

80. Paragraph 80 is a description of Plaintiff's claim and does not contain factual allegations to which responses are required; to the extent a response is required, NYU refers to the referenced statutes and rule for their provisions and DENIES any remaining allegations in said paragraph.

81. Paragraph 81 is a description of Plaintiff's claim and does not contain factual allegations to which responses are required; to the extent a response is required, NYU refers to the referenced statute for its provisions and DENIES that it is liable to Plaintiff.

82. Paragraph 82 is a description of Plaintiff's claim and does not contain factual allegations to which responses are required; to the extent a response is required, NYU refers to the referenced statute for its provisions and DENIES that it is liable to Plaintiff.

83. Defendant repeats its responses to the inclusive allegations in paragraph 83 consistent with the responses set forth above.

84. Paragraph 84 is a description of Plaintiff's claim and does not contain factual allegations to which responses are required; to the extent a response is required, NYU refers to the referenced statute for its provisions.

85. Paragraph 85 states a legal conclusion to which no response is required; to the extent a response is required, NYU ADMITS that Decedent was a Plan participant, and that Plaintiff purports to bring the claim on behalf of the Decedent's Estate and DENIES any remaining allegations in said paragraph.

86. DENIES the allegations in paragraph 86.

87. DENIES the allegations in paragraph 87.

88. Defendant repeats its responses to the inclusive allegations in paragraph 88 consistent with the responses set forth above.

89. Paragraph 89 is a description of Plaintiff's claim and does not contain factual allegations to which responses are required; to the extent a response is required, NYU refers to the referenced statute for its provisions.

90. Paragraph 90 states a legal conclusion to which no response is required; to the extent a response is required, NYU refers to the referenced statute for its provisions.

91. Paragraph 91 states a legal conclusion to which no response is required; to the extent a response is required, NYU refers to the referenced statute for its provisions.

92. DENIES the allegations in paragraph 92.

93. DENIES the allegations in paragraph 93.

94. DENIES the allegations in paragraph 94.

95. DENIES the allegations in paragraph 95.

96. Defendant repeats its responses to the inclusive allegations in paragraph 96 consistent with the responses set forth above.

97. Paragraph 97 is a description of Plaintiff's claim and does not contain factual allegations to which responses are required.

98. DENIES the allegations in paragraph 98.

99. DENIES the allegations in paragraph 99.

100. DENIES any allegations not specifically admitted or otherwise responded to above.

## DEFENSES

### FIRST DEFENSE

101. Plaintiff's Complaint, in whole or in part, fails to state a claim.

### SECOND DEFENSE

102. Plaintiff has failed to exhaust its administrative remedies.

### THIRD DEFENSE

103. Some or all of Plaintiff's claims are preempted.

## **FOURTH DEFENSE**

104. Plaintiff has not suffered any damages because the accounts at issue have not been distributed.

## **FIFTH DEFENSE**

105. NYU has attempted in good faith to locate the successor of Decedent's contingent beneficiary so that the referenced accounts can be distributed pursuant to the beneficiary designations set forth in the relevant contracts.

## **SIXTH DEFENSE**

106. Plaintiff has failed to mitigate his damages, if any.

**WHEREFORE**, Defendant New York University seeks dismissal of Plaintiff's Complaints, as well as any further relief the Court deems just and proper.

Dated: May 12, 2025                                BOND, SCHOENECK & KING, PLLC

By: */s/Suzanne M. Messer*
Suzanne M. Messer
*Attorneys for Defendant New York University*
Office and P.O. Address
One Lincoln Center
Syracuse, New York  13202-1355
Telephone:  (315) 218-8000