UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARTIN HECHT AS ADMINISTRATOR OF THE ESTATE OF DAVID F. GREENBERG,<br><br>                         Plaintiff,<br><br>                 v.<br><br>NEW YORK UNIVERSITY and DEMOCRATIC SOCIALISTS OF AMERICA, INC., | Case No. 1:25-cv-03042-PAE<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF PLAINTIFF MARTIN HECHT AS ADMINISTRATOR OF THE ESTATE OF DAVID F. GREENBERG TO COUNTER-CLAIM OF DEFENDANT DEMOCRATIC SOCIALISTS OF AMERICA, INC.** |

Plaintiff Martin Hecht as Administrator of the Estate of David F. Greenberg ("Plaintiff"), by and through the undersigned counsel, hereby answers the Counter-Claim of Defendant Democratic Socialists of America, Inc. ("DSA"), according to its numbered paragraphs, as follows:

1. Plaintiff admits the allegations contained in Paragraph 1 insofar as DSA purports to bring its Counter-Claim under the cited provisions of ERISA and federal law. Plaintiff denies that DSA is entitled to relief under those provisions.

2. Plaintiff admits the allegations contained in Paragraph 2.

3. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and therefore denies them.

4. Plaintiff denies that DSA was properly incorporated or validly exists as a successor to the New American Movement ("NAM") for purposes of enforcing any rights under the NYU Plan. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 and on that basis denies the same.

5. Plaintiff admits the allegations contained in Paragraph 5.

6. Plaintiff admits the allegations contained in Paragraph 6.

1

7. Plaintiff admits the allegations contained in Paragraph 7.

8. Plaintiff admits that the NYU Plan permits participants to designate beneficiaries, but denies the legal conclusion that benefits may be paid "only" to the designated beneficiary regardless of all other considerations. Plaintiff denies any remaining allegations contained in Paragraph 8.

9. Plaintiff admits that Professor David F. Greenberg ("Greenberg") was a longtime faculty member at NYU and that the cited NYU obituary makes the referenced statements. Plaintiff refers to that obituary for its full contents and denies any characterization inconsistent therewith.

10. Plaintiff admits the allegations contained in Paragraph 10.

11. Plaintiff admits the allegations contained in Paragraph 11.

12. Plaintiff admits that TIAA issued annuity contracts numbered L-30977S7-6 and F-177656-3 to Greenberg under the NYU Plan. Plaintiff denies that he has received or reviewed any communication from TIAA stating that the beneficiary designation for annuity number A-613219-3 was automatically applied to contracts L-30977S7-6 and F-177656-3. Plaintiff further denies that the referenced communications from TIAA exist as described and demands proof thereof.

13. Plaintiff admits that the NYU Plan includes provisions regarding the designation and modification of beneficiaries. Plaintiff denies that he has received or reviewed any NYU Plan communications or TIAA brochures that were issued to Greenberg concerning the process for making, reviewing, or updating beneficiary designations. Plaintiff further denies that the referenced communications exist as described and demands proof thereof.

14. Plaintiff admits the allegations contained in Paragraph 14.

15. Plaintiff admits the allegations contained in Paragraph 15.

16. Plaintiff admits the allegations contained in Paragraph 16.

17. Plaintiff admits the allegations contained in Paragraph 17.

18. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and therefore denies them.

19. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and therefore denies them.

20. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and therefore denies them.

21. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and therefore denies them.

22. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and therefore denies them.

23. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and therefore denies them.

24. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and therefore denies them.

25. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and therefore denies them.

26. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and therefore denies them.

27. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and therefore denies them.

28. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and therefore denies them.

29. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 and therefore denies them.

30. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and therefore denies them.

31. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and therefore denies them.

32. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and therefore denies them.

33. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and therefore denies them.

34. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and therefore denies them.

35. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 and therefore denies them.

36. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and therefore denies them.

37. Plaintiff incorporates and re-alleges his responses to Paragraphs 1 through 36 as though fully set forth herein.

38. Plaintiff admits the allegations contained in Paragraph 38.

39. Plaintiff admits that the NYU Plan sets forth rules concerning payment of death benefits, but denies the legal conclusion that benefits must be paid solely according to original beneficiary designations made decades earlier, regardless of changed circumstances or legal ineligibility of the named beneficiary.

40. Plaintiff denies the allegations contained in Paragraph 40.

41. Plaintiff admits that he has asserted a claim to the NYU Plan benefits. Plaintiff denies that his claim is based on escheatment and denies any suggestion that the benefits are payable to any party other than the Estate of David F. Greenberg.

42. Plaintiff denies the allegations contained in Paragraph 42 and denies that DSA is entitled to any relief whatsoever.

### FIRST AFFIRMATIVE DEFENSE

DSA lacks standing to bring a claim under ERISA § 502(a)(1)(B) because it is not a proper "beneficiary" within the meaning of the statute. The contingent beneficiary designation naming NAM is not valid or enforceable due to NAM's lack of legal existence at the time of Greenberg's death and the absence of a properly documented, legally cognizable successor designation.

### SECOND AFFIRMATIVE DEFENSE

The purported beneficiary designation in favor of NAM lapsed or became void due to the dissolution or legal nonexistence of NAM at the time of Greenberg's death. The NYU Plan does not permit benefits to be paid to an entity that ceased to exist decades earlier and was never formally designated under the Plan terms.

### THIRD AFFIRMATIVE DEFENSE

To the extent DSA failed to exhaust available administrative remedies under the NYU Plan before asserting its claim, its counter-claim is barred.

### FOURTH AFFIRMATIVE DEFENSE

Even if DSA claims to be NAM's successor, neither the NYU Plan nor ERISA permits a non-designated successor entity to receive benefits without a valid, participant-executed change of beneficiary designation. No such change was made designating DSA as a beneficiary.

### FIFTH AFFIRMATIVE DEFENSE

Benefits under the NYU Plan must be paid strictly in accordance with the written terms of the Plan and relevant annuity contracts. Those terms do not authorize payment to a defunct or merged entity absent a valid designation.

### SIXTH AFFIRMATIVE DEFENSE

DSA was not in privity with Greenberg and lacks any enforceable right under the NYU Plan or the governing annuity contracts.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff reserves the right to assert additional defenses as discovery progresses or as additional facts become known.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff Martin Hecht, as Administrator of the Estate of David F. Greenberg, respectfully requests that the Court dismiss the Counter-Claim of Defendant Democratic Socialists of America, Inc. in its entirety with prejudice, enter judgment in favor of Plaintiff, and grant such other and further relief as the Court deems just and proper.

Dated: June 18, 2025
      Garden City, New York

Respectfully submitted,

By: *Michail Z. Hack*

Michail Z. Hack, Esq.
Sarah A. McMahon, Esq.
Schwartz, Conroy & Hack, P.C.
666 Old Country Road, 9th Floor
Garden City, New York 11530
(516) 745-1122
mzh@schlawpc.com
sam@schlawpc.com
*Attorneys for Plaintiff Martin Hecht as*
*Administrator of the Estate of David F. Greenberg*