**SCHWARTZ, CONROY & HACK, PC**
*Making Insurance Companies Keep Their Promises*

**VIA ECF**
Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

      **RE:** *Hecht v. New York University & Democratic Socialists of America, Inc.*, No. 25-cv-3042-PAE

Dear Judge Engelmayer:

  Pursuant to Section 2.B. of Your Honor's Individual Rules, the parties respectfully submit this joint letter in advance of the Initial Conference scheduled for June 30, 2025.

  This action arises under the Employee Retirement Income Security Act of 1974 (ERISA) and concerns a dispute regarding the appropriate beneficiary of approximately $4.77 million in benefits owing under the NYU Retirement Plan as a result of the death of Professor David F. Greenberg, a participant in the Plan. Professor Greenberg designated the New American Movement ("NAM") as his contingent beneficiary; the primary beneficiaries having died, the benefit dispute is between Plaintiff Martin Hecht, as Administrator of the Estate of David F. Greenberg, and Defendant Democratic Socialists of America, Inc. ("DSA"), which asserts that it is the successor to NAM. Plaintiff brings claims against NYU and DSA. Plaintiff alleges that New York University failed to take adequate steps to ensure that Professor Greenberg's contingent beneficiary designation remained valid over the course of five decades. Plaintiff seeks a declaration that DSA is not entitled to the death benefits and further requests equitable remedies, including surcharge and constructive trust, directing the distribution of those benefits to the Estate. The Complaint further alleges that DSA is not the lawful successor to the "New American Movement" identified in the beneficiary designation, and further alleges that NYU, in its role as Plan Administrator, breached fiduciary duties under ERISA §§ 404 and 502 by failing to obtain updated beneficiary designations and by denying Plaintiff's administrative claim.

  DSA has answered the Complaint and denies that Plaintiff is entitled to any relief on its claim for benefits under the terms of the Plan. DSA has pled a counter-claim and cross-claim pursuant to 29 U.S.C. § 1132(a)(1)(B). As against Plaintiff, DSA seeks an order enforcing its rights under the terms of the NYU Plan; as against NYU, as administrator of the Plan, Plaintiff seeks an order that NYU cause the Plan to distribute to DSA the benefits payable on account of Prof. Greenberg's death. DSA also seeks an award of attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g) against Plaintiff and NYU. Plaintiff has answered the counter-claim; NYU's answer to the cross-claim is due June 27.

  NYU has answered the Complaint and denied liability, asserting that it acted in good faith and in accordance with its responsibilities under ERISA and the terms of the Plan. NYU has not yet responded to DSA's crossclaim. Pursuant to Rule 12(a)(1)(B) of the Federal Rules of Civil Procedure, its response is due by June 27, 2025. In answering the Complaint, NYU asserts various defenses, including that Plaintiff has failed to exhaust administrative remedies, that Plaintiff's claims are preempted, and that Plaintiff has not suffered compensable damages. NYU further contends that it has attempted in good faith to identify the proper beneficiary but has not yet distributed the funds. NYU denies any breach of fiduciary duty.

www.schlawpc.com
666 Old Country Rd., Suite 900, Garden City, New York 11530
Tel: 1.800.745.1755 | Fax: 516.745.0844

SCHWARTZ, CONROY & HACK, PC
Making Insurance Companies Keep Their Promises

Jurisdiction is proper under 28 U.S.C. § 1331 and ERISA § 502(e)(1), as all claims arise under federal law. Venue is proper in this District because the Plan is administered here and all Defendants reside or are located within the District.

The parties anticipate the following motion practice. Plaintiff anticipates filing a motion for summary judgment Plaintiff also reserves the right to move for judgment on the pleadings with respect to DSA's counterclaim and to strike certain affirmative defenses after the exchange of initial disclosures. DSA intends to file a motion for summary judgment as to Plaintiff's benefits claim and DSA's counter-claim and cross-claim. NYU anticipates filing a motion for summary judgment with respect to Plaintiff's claims as well as DSA's cross claim, if needed.

No discovery has taken place to date. The parties will exchange Rule 26(a)(1) initial disclosures within 14 days after the Initial Conference. Plaintiff intends to seek discovery from NYU regarding plan governance, administrative claim handling, and communications with third-party recordkeepers. Plaintiff further intends to obtain discovery from DSA concerning its claimed status as the successor to the New American Movement, including formal merger documentation and any materials reflecting the validity and effect of that merger. DSA intends to serve written discovery on Plaintiff and NYU, and to subpoena documents from TIAA, which issued annuity contracts pursuant to which the Plan provides the disputed benefits. NYU intends to obtain discovery from Plaintiff concerning the basis of its breach of fiduciary duty claim, and particularly the basis for the Estate's allegations that NYU did not appropriately administer the Plan with respect to obtaining beneficiary designations from the decedent. NYU will also seek discovery concerning DSA's claim to be the successor in interest of NAM. The parties' proposed schedule is set forth in the Civil Case Management Plan and Scheduling Order submitted herewith.

The parties have held preliminary discussions regarding potential ADR and remain open to engaging in good-faith settlement efforts. The parties agree that mediation may be productive following the exchange of initial disclosures and document discovery, and will confer regarding the selection of a mediator or referral to the Court-annexed Mediation Program.

On October 31, 2024, Plaintiff requested from NYU the production of Plan documents, the full administrative record, and all communications between NYU and Professor Greenberg concerning his beneficiary designations across all relevant accounts. NYU responded on November 27, 2024, and produced Plan-related documents. Plaintiff contends that NYU has not provided all materials that it has requested to date. NYU believes it has appropriately responded to Plaintiff's pre-claim requests and notes that Plaintiff commenced litigation and that further discovery will be exchanged in the context of the litigation. On December 20, 2024, Plaintiff submitted a formal administrative claim to NYU regarding the disputed benefits. It is Plaintiff's position that NYU failed to provide a timely or adequate response to Plaintiff's December 20th claim, which led to the commencement of this action. NYU disputes Plaintiff's allegations of untimeliness and inadequacy.

Plaintiff is represented by Schwartz Conroy & Hack, P.C. (Michail Z. Hack and Sarah A. McMahon). DSA is represented by Renaker Scott LLP (Teresa S. Renaker, admitted *pro hac vice*). NYU is represented by Bond, Schoeneck & King, PLLC (Suzanne M. Messer).

Respectfully submitted,

www.schlawpc.com
666 Old Country Rd., Suite 900, Garden City, New York 11530
Tel: 1.800.745.1755 | Fax: 516.745.0844

**SCHWARTZ, CONROY & HACK, PC**
*Making Insurance Companies Keep Their Promises*

**SCHWARTZ CONROY & HACK, P.C.**
*Attorneys for Plaintiff Martin Hecht,*
*as Administrator of the Estate of David F. Greenberg*

By:     /s/ Sarah A. McMahon
        Sarah A. McMahon
        Michail Z. Hack
        Evan S. Schwartz
        666 Old Country Road, Suite 900
        Garden City, New York 11530
        Tel: (516) 745-1122
        Email: sam@schlawpc.com
        Email: mzh@schlawpc.com
        Email: ess@schlawpc.com


**RENAKER SCOTT LLP**
*Attorneys for Defendant, Counter-Claimant & Cross-Claimant Democratic Socialists of America, Inc.*

By:     /s/ Teresa S. Renaker
        Teresa S. Renaker (admitted *pro hac vice*)
        505 Montgomery Street, Suite 1125
        San Francisco, California 94111
        Tel: (415) 653-1733
        Email: teresa@renakerscott.com


**BOND, SCHOENECK & KING, PLLC**
*Attorneys for Defendant*
*New York University*

By:     /s/ Suzanne M. Messer
        Suzanne M. Messer
        One Lincoln Center
        Syracuse, New York 13202
        Tel: (315) 218-8000
        Email: smesser@bsk.com