**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MARTIN HECHT AS ADMINISTRATOR OF
THE ESTATE OF DAVID F. GREENBERG,

                              Plaintiff,

      v.

NEW YORK UNIVERSITY and DEMOCRATIC
SOCIALISTS OF AMERICA, INC.,

                             Defendants.

Case No.: 1:25-cv-03042-PAE

**CIVIL CASE**
**MANAGEMENT PLAN**
**AND SCHEDULING**
**ORDER**

---

This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties **do not consent** to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).

2. This case **is not** to be tried to a jury.

3. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within **30 days** from the date of this Order.

4. Initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1), shall be completed no later than **14 days** from the date of this Order.

5. All fact discovery shall be completed no later than **October 28, 2025**.

6. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above.

    a. Initial requests for production of documents to be served by **July 15, 2025**.
    b. Interrogatories to be served by **August 15, 2025**.
    c. Depositions to be completed by **October 15, 2025**.
    d. Requests to Admit to be served no later than **October 21, 2025**.

7. 

    a. All expert discovery shall be completed no later than **December 12, 2025**.

    b. No later than **September 30, 2025**, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents, and depositions, provided that (i) expert reports of the party with the burden of proof shall be due before those of the opposing party's experts; and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a).

8. All motions and applications shall be governed by the Court's Individual Rules and Practices, including the requirement of a pre-motion conference before a motion for summary judgment is filed. Pursuant to the authority of Fed. R. Civ. P. 16(c)(2), any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within **14 days** of the close of fact discovery (i.e., by **November 11, 2025**).

9. All counsel must meet face-to-face for at least one hour to discuss settlement within **14 days** following the close of fact discovery (i.e., by **November 11, 2025**).

10. 
    a. Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed to continue conferring following the exchange of initial disclosures and document discovery.

    b. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately-retained mediator.

    c. Counsel for the parties propose the use of either the Court-annexed Mediation Program or a settlement conference before a Magistrate Judge, to be employed following the close of fact discovery.

    d. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11. The Final Pretrial Order date is **January 12, 2026**. By this date, the parties shall submit a Joint Pretrial Order prepared in accordance with the Court's Individual Rules and Practices and Fed. R. Civ. P. 26(a)(3). Any motions in limine shall also be filed on or before this date. If this case is to be tried to a jury, proposed voir dire, jury instructions, and a verdict form shall be filed on or before this date. If this action is to be tried to the Court, proposed findings of fact and conclusions of law shall be submitted by this date.

12. Counsel for the parties have conferred and their present best estimate of the length of trial is **3–5 days** as to Plaintiff's claim for breach of fiduciary duty and one day as to Plaintiff's and Defendant DSA's claims for benefits if those are not resolved on summary judgment.

13. None at this time.

---

**TO BE COMPLETED BY THE COURT:**

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Fed. R. Civ. P. 16(b).

14. [Other]

15. The next Case Management Conference is scheduled for: _____ at _____.

_____
**Paul A. Engelmayer**
United States District Judge

Dated:  New York, New York
_____, 2025