

Phone: (415) 653-1733 / Fax: (415) 727-5079
505 Montgomery Street, Suite 1125
San Francisco, CA 94111
www.renakerscott.com

December 11, 2025

**BY ECF**

Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    ***Hecht v. New York Univ. & Democratic Socialists of Am., Inc.***
             **No. 1:25-cv-03042-PAE**
             **Response to Discovery Dispute Letter**

Dear Judge Engelmayer:

      Pursuant to Your Honor's Individual Rules and Practices in Civil Cases, § 2(C), Defendant, Counter-Claimant, and Cross-Claimant Democratic Socialists of America, Inc. ("DSA Inc."), responds as follows to the discovery dispute letter filed by Plaintiff Martin Hecht on December 11, 2025. (ECF 36.)

      By way of background, DSA Inc. served requests for admission on Plaintiff on October 21, 2025. Pursuant to Fed. R. Civ. P. 36(a)(3), Plaintiff's responses were due on November 20, 2025. Plaintiff did not respond until December 5, 2025. Therefore, pursuant to Rule 36(a)(3), the matters are admitted. Plaintiff now seeks relief from that result pursuant to Rule 36(b).

      DSA Inc. disagrees that Plaintiff is entitled to relief, for the following reasons:

1.    The undersigned counsel's email dated November 5, 2025 (ECF 36-3), accurately states the subject matter and conclusions of the parties' meet-and-confer that day. The parties disputed whether Plaintiff's requests for admission served *after* October 21, 2025 – the deadline in the original scheduling order (ECF 25) -- were timely. There was no dispute that DSA Inc.'s requests for admission served *on* October 21, 2025, were timely, and no discussion of extending the deadline for Plaintiff's responses to those requests.

2.    DSA Inc. disagrees with Plaintiff's statement that its counsel "declined to accept service" of Plaintiff's responses to the October 21, 2025, requests for admission. (ECF 36, p. 2.) The parties have an agreement for electronic service in this case,

Hon. Paul A. Engelmayer
December 11, 2025
Page 2

and Plaintiff served his responses in accordance with that agreement. Rather, counsel declined to agree to a retroactive extension of time for the responses.

3. Plaintiff is not entitled to Rule 36(b) relief because he has not shown that any of the admissions may be factually wrong or may reflect an incorrect application of law to facts. So far as appears, Plaintiff does not dispute the substance of any of the admissions. Instead, he contends only that "the admissions pertain to facts central to, and likely dispositive of, Plaintiff's claims" (ECF 36, p. 3) – other than, presumably, his breach of fiduciary duty claims against NYU. *Cf. Cintron v. Albert Einstein Coll. of Med.*, No. 121CV06256JGKKHP, 2022 WL 3137079, at *1 (S.D.N.Y. Aug. 5, 2022) ("Defendants have shown that their admission may not accurately reflect the facts, and the factual dispute should be decided on the merits, not on a technicality."); *Paniagua v. Walter Kidde Portable Equip., Inc.*, 183 F. Supp. 3d 473, 482–83 (S.D.N.Y. 2016) (because plaintiff had already produced documents on which he intended to rely, deemed admission that he lacked documentary evidence "would realistically have to be qualified by crediting [Plaintiff] with the materials he had by then already produced"). The responses Plaintiff seeks to have deemed timely also largely avoid any substantive engagement with the requests: they consist of four admissions, two denials, two denials based on an asserted lack of information, and eight denials based on objections. (Attachment 1 hereto.)

4. DSA Inc. will be prejudiced if Plaintiff's admissions are set aside, in that Plaintiff's delay in responding to the requests deprived DSA Inc. of the opportunity to propound, and receive responses to, follow-up requests to further streamline its presentation on summary judgment. In agreeing to respond to Plaintiff's requests that DSA Inc. contended were untimely, DSA Inc. specifically negotiated for the right to propound additional requests for admission by November 21, 2025 – that is, the day after Plaintiff's responses to DSA Inc.'s first set were due – in order to have the opportunity to clean up any flaws in the requests that might be identified in Plaintiff's responses. (ECF 36-3.) Plaintiff delayed his responses to the close of discovery, depriving DSA Inc. of this opportunity. Plaintiff's responses, which consist mainly of objections, underscore this point. (Attachment 1 hereto.)

5. DSA Inc. takes issue with Plaintiff's characterization of the requests as seeking "concessions on disputed legal conclusions." DSA's requests properly seek admissions as to matters of fact (ECF 36-5, Nos. 1-4, 15, 16) or the application of law -- or, in this ERISA case, of plan terms -- to fact (*id.*, Nos. 5-14).

DSA Inc. thanks the Court for its consideration of this letter.

Very truly yours,

RENAKER SCOTT LLP

By *[signature]*
Teresa S. Renaker

Hon. Paul A. Engelmayer
December 11, 2025
Page 3

cc: all counsel (by ECF)