UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARTIN HECHT, *as Administrator of the Estate of David F. Greenberg*,

                          Plaintiff,

-v-

NEW YORK UNIVERSITY *and* DEMOCRATIC SOCIALISTS OF AMERICA, INC.,

                          Defendants.

25 Civ. 3042 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

    This order resolves a motion by plaintiff Martin Hecht, under Federal Rule of Civil Procedure 36, to withdraw admissions imputed to him as a result of his untimely responses to requests for admission. Dkts. 36–37. For the following reasons, the Court grants the motion, while allowing defendant Democratic Socialists of America, Inc. ("DSA"), which served the initial requests for admission, to serve an additional set of such requests arising from Hecht's untimely responses.

**I.    Background**

    The Court assumes familiarity with this action. In brief, Hecht, as administrator of the estate of David F. Greenberg, is suing DSA and New York University ("NYU") under ERISA for the proceeds of Greenberg's retirement annuity contracts (the "contracts"). Hecht alleges that the contracts were part of Greenberg's pension plan with NYU (where he had been employed). These named the New American Movement ("NAM") as a beneficiary. In 1982, the NAM merged with the Democratic Socialist Organizing Committee to form the DSA. Hecht alleges, however, that, because these entities did not observe corporate formalities, the DSA is not a legal

successor-in-interest to the NAM, such that the proceeds of the contracts should escheat to Greenberg's estate. Dkt. 1 (Complaint) ¶¶ 1–7. Hecht also claims that NYU violated fiduciary duties it owed Greenberg when it determined that the DSA was the contracts' beneficiary. *Id.* at 19–20.

On October 21, 2025, the DSA served requests for admission (the "October 21 RFAs") on Hecht's counsel. Dkt. 36 ("Mot.") at 2. Under Rule 36(a)(3), a receiving party admits such requests unless he serves written answers or objections within 30 days. Hecht's response was due November 20, 2025.

On November 5, 2025, counsel for both parties agreed that *additional* requests for admission could be served by November 21, 2025, and that responses to any such requests would be due December 5, 2025, the last day of fact discovery. *Id.* at 1.

On December 5, 2025, Hecht responded to the October 21 RFAs. *Id.* at 2. On December 8, 2025, DSA's counsel asserted that Hecht's response to these had been untimely, such that the October 21 RFAs were admitted under Rule 36(a)(3). *Id.*

On December 11, 2025, Hecht filed this motion. *Id.* at 1. The DSA timely responded. Dkt. 37.

II.    **Discussion**

Under Rule 36(a)(1), a "party may serve on any other party a written request to admit . . . the truth of any matters . . . relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." A matter is deemed admitted "unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection." Fed. R. Civ. P. 36(a)(3).

It is undisputed that Hecht's December 5, 2025 response to the October 21 RFAs was untimely by 15 days. Under Rule 36(a)(3), the factual matter in the RFAs was thus admitted.

A court, however, "may permit withdrawal or amendment" of an admission arising from an untimely response where (1) "it would promote the presentation of the merits of the action" and (2) such would not prejudice the recipient of the untimely response. Fed. R. Civ. P. 36(b). Rule 36 gives a court "substantial discretion" to "forgive tardiness" under these circumstances. *Now-Casting Econ., Ltd. v. Econ. Alchemy LLC*, No. 18 Civ. 2442, 2021 WL 423473, at *4 (S.D.N.Y. Feb. 8, 2021) (citation omitted). The rule also encourages the resolution of material factual disputes "on the merits, not on a technicality." *Cintron v. Albert Einstein Coll. of Med.*, No. 21 Civ. 6256, 2022 WL 3137079, at *1 (S.D.N.Y. Aug. 5, 2022); *see also River Light V, L.P. v. Lin & J Int'l, Inc.*, 299 F.R.D. 61, 63 (S.D.N.Y. 2014) (Rule 36 aims to promote not only "efficiency" but also "truth-seeking").

The first requirement for withdrawal of Hecht's admissions—that such would promote the presentation of this case's merits—is clearly met. The October 21 RFAs resolved core, and potentially dispositive, factual issues. The admissions included that: (1) the DSA was the successor to the NAM for purposes of Greenberg's beneficiary designation; (2) New York law, as of March 1982, did not require the NAM to observe certain corporate formalities to create the DSA; and (3) NYU's retirement plan for Greenberg did not require an organizational beneficiary to be incorporated pursuant to New York law. *See* Dkt. 37-1 (December 5, 2025 response to October 21 RFAs). Withdrawing such admissions would enable the case to be resolved on the merits, rather than "on a technicality." *Cintron*, 2022 WL 3137079, at *1.

The second requirement—that withdrawal not prejudice the DSA—is also met, provided that the DSA is given an opportunity to serve an additional set of RFAs based on Hecht's

untimely response to the October 21 RFAs. As the DSA notes, had Hecht responded timely to those RFAs (*i.e.*, by November 20), the DSA would have had an opportunity to serve follow-up RFAs (*i.e.*, by November 21, as the parties agreed). Hecht's response on December 5—the last day of fact discovery—denied the DSA that opportunity. If the DSA is given that opportunity, however, no prejudice will arise.[1] Accordingly, the Court will allow the DSA to serve an additional round of RFAs, with Hecht's response due well before summary judgment briefing.[2]

## CONCLUSION

For the above reasons, the Court grants Hecht's motion to withdraw his admissions to the October 21 RFAs and replace them with his December 5 response.

The DSA may serve one additional set of RFAs on Hecht, which must be reasonably related to issues raised by Hecht's December 5 response. The DSA must serve any such RFAs on Hecht by Tuesday, December 23, 2025. Hecht must respond by Wednesday, January 7, 2026; failure to respond timely will result in admission of the new RFAs under Rule 36(a)(3).

For avoidance of doubt, fact discovery otherwise remains closed and all other deadlines remain in effect.

---

[1] Nor is there any indication that Hecht or his counsel acted in bad faith in serving the December 5 response. Indeed, such appears to have been inadvertent, particularly in light of the December 5 deadline for the parties' responses to other RFAs. *See Gwynn v. City of Phila.*, 719 F.3d 295, 298 (3d Cir. 2013) (in evaluating motions under Rule 36, courts may consider whether movant had "good cause for the delay"); *River Light V*, 299 F.R.D. at 64 (allowing withdrawal of admissions under Rule 36(b) where movant did not act in bad faith).

[2] The DSA and NYU have stated their intent to file respective motions for summary judgment. *See* Dkts. 35 (DSA pre-motion letter), 38 (NYU pre-motion letter). The pre-motion conference for such is scheduled for January 14, 2026, at which the Court intends to set a briefing schedule.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: December 18, 2025
       New York, New York