**SCHWARTZ, CONROY & HACK, PC**
*Making Insurance Companies Keep Their Promises*

**VIA ECF**  December 22, 2025

Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Hecht v. NYU et al* (1:25-cv-03042-PAE)
      Plaintiff's Response to NYU's Pre-Motion Conference Letter

Dear Judge Engelmayer:

This firm represents Martin Hecht as Administrator of the Estate of David F. Greenberg ("Plaintiff" or "Estate") in the above-referenced action. Pursuant to Rule 3.H. of Your Honor's Individual Motion Practices, Plaintiff respectfully submits this letter in response to Defendant New York University's ("NYU") December 15, 2025 request for a pre-motion conference in anticipation of moving for summary judgment on Plaintiff's breach of fiduciary duty claim (ECF No. 36, "NYU's PMC Letter").

At the outset, NYU's proposed summary judgment motion is narrowly framed and would not materially advance resolution of this action or promote judicial efficiency. NYU seeks summary judgment only on Plaintiff's breach of fiduciary duty claim, brought pursuant to ERISA § 502(a)(2), which provides a cause of action for losses resulting from breaches of fiduciary duties imposed by ERISA §§ 404 and 409. Resolution of that claim turns on factual determinations concerning whether NYU acted with the "care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use," as required by ERISA § 404(a)(1). Those determinations cannot be made as a matter of law on the present record.

As alleged in the Complaint and confirmed through discovery, NYU failed to engage in a prudent process to confirm the continued validity of Plan participants' beneficiary designations during a critical administrative transition. In 2018, NYU eliminated Vanguard as a recordkeeper and consolidated the Plan to TIAA as its sole vendor. In executing that transition, NYU carried forward beneficiary information from Vanguard accounts into the new TIAA system without verifying its accuracy or confirming the designations with participants. The result was the administrative perpetuation of outdated or unverified beneficiary data, rather than the implementation of affirmative, contemporaneous designations by participants, including Prof. Greenberg. The consolidation process thus exposed a systemic failure in NYU's fiduciary oversight, as it included no mechanism to ensure that inherited beneficiary information remained accurate or aligned with participants' current intentions. These facts raise material disputes concerning NYU's prudence, diligence, and compliance with ERISA's fiduciary standards, precluding summary judgment.

NYU contends that it satisfied its fiduciary obligations by providing Prof. Greenberg with annual plan materials containing general instructions for reviewing and modifying beneficiary designations. That contention misapprehends both the scope of NYU's fiduciary obligations and the nature of Plaintiff's claim. The issue is not whether NYU disseminated generic information regarding how participants could update their records, but whether it acted prudently when it carried forward beneficiary information from accounts acquired through an asset transfer without verification or disclosure.

www.schlawpc.com
666 Old Country Rd., Suite 900, Garden City, New York 11530
Tel: 1.800.745.1755 | Fax: 516.745.0844

NYU's assertion that "Dr. Greenberg never changed NAM's status as contingent beneficiary on the Disputed Contracts" is misleading.[1] As discovery has established, the Disputed Contracts were created through an asset takeover from Vanguard, and the beneficiary information reflected on those accounts was carried over administratively from the acquired accounts. The continued appearance of NAM as a contingent beneficiary therefore reflects recordkeeper carryover during plan consolidation, not an affirmative post-transfer designation or confirmation by Prof. Greenberg. NYU nevertheless treated the inherited beneficiary information as presumptively valid, without implementing any reasonable procedure to verify its accuracy or to confirm the designation with the participant at the time of transfer. By allowing unverified legacy beneficiary designations to persist following the Vanguard asset takeover, NYU failed to exercise the prudence required under ERISA and exposed Plan assets to the risk of misallocation.

In support of its contention that it had no duty "to monitor the continuing existence or status of a participant's designated beneficiary," NYU relies on *Krishna v. Colgate-Palmolive Co.*, 7 F.3d 11, 16 (2d Cir. 1993). In doing so, NYU implicitly equates the explicit and unambiguous beneficiary designation at issue in *Krishna*[2] with Prof. Greenberg's designation here, which NYU characterizes as containing "clear beneficiary designation instructions." That comparison fails. Prof. Greenberg's contingent beneficiary designation names "the New American Movement or any successor thereof . . . [i]f at the death of the Annuitant said [New American Movement] or a successor thereof is in existence." This language is not self-defining. The Plan does not define "successor," nor does it define what it means for an entity to be "in existence" for purposes of beneficiary status.

This ambiguity is dispositive. Unlike *Krishna*, this case does not involve a facially clear and self-executing beneficiary designation capable of mechanical application. Resolution of the designation here required interpretation of undefined plan terms and their application to facts known to NYU by virtue of its role as Plan Administrator and its control over plan consolidation and recordkeeping. Whether a contingent beneficiary qualifies as a "successor" and whether such entity remains "in existence" are not ministerial determinations, and the Plan provides no guidance for resolving those questions.

ERISA does not permit a fiduciary to disclaim responsibility for such determinations by pointing to the absence of an express plan provision directing it to act. ERISA § 404(a)(1) imposes an independent duty of prudence "measured by the circumstances then prevailing." *Bd. of Trs. of the Operating Eng'rs Pension Tr. v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 09-Civ-9333 (KBF), 2013 U.S. Dist. LEXIS 43746, at *27 (S.D.N.Y. Mar. 27, 2013) (explaining that ERISA's duty of prudence requires fiduciaries to undertake appropriate investigations and analyses in connection with plan administration, and that liability may attach where a fiduciary's decision is based on a "less than reasonable investigation"). Where, as here, NYU assumed control over accounts through an asset takeover, carried forward beneficiary information from acquired accounts, and administered multiple contemporaneous contracts for a single participant with inconsistent

---

[1] NYU's reference to Prof. Greenberg's alleged affiliation with the Democratic Socialists of America (*see* NYU's PMC Letter at 2 n.1) is immaterial to the issues presented. Political association or payment of dues does not constitute a beneficiary designation, does not substitute for compliance with plan procedures, and cannot excuse deficiencies in plan administration.

[2] In *Krishna*, the beneficiary designation named in the Plan documents identified a living individual whose legal existence was undisputed at the time of the participant's death, and whose entitlement did not depend on any question of dissolution, succession, or continued legal status.

beneficiary outcomes, the relevant inquiry is whether a prudent fiduciary could reasonably treat inherited beneficiary data as presumptively valid without verification or disclosure.

NYU's attempt to recast this case as a challenge to a participant's failure to update his beneficiary designation therefore misses the point. Plaintiff does not seek to override plan documents based on subjective intent or extrinsic considerations. Plaintiff alleges that NYU breached its fiduciary duties by failing to implement a prudent administrative process at a critical juncture, namely the Vanguard asset takeover, when beneficiary information was carried forward without confirmation and without disclosure of resulting discrepancies. Those allegations present factual questions concerning NYU's process, diligence, and adherence to fiduciary standards that cannot be resolved as a matter of law.

Finally, even if NYU were correct on the merits of the fiduciary duty claim, summary judgment on that single cause of action would leave intact Plaintiff's claims for declaratory and equitable relief under ERISA § 502(a)(3) and Plaintiff's claim for benefits and to clarify and enforce rights under ERISA § 502(a)(1)(B). Because NYU's proposed motion would not resolve the central dispute concerning entitlement to the Disputed Contracts or meaningfully narrow the issues for trial, granting leave for summary judgment briefing would not promote judicial efficiency.

For these reasons, Plaintiff respectfully opposes NYU's request for a pre-motion conference.

Respectfully submitted,<br>
**SCHWARTZ, CONROY & HACK, P.C.**

By: *Sarah A. McMahon*
Sarah A. McMahon, Esq.
Michail Z. Hack, Esq.
Evan S. Schwartz, Esq.
*Attorneys for Plaintiff Martin Hecht as Administrator of the Estate of David F. Greenberg*

www.schlawpc.com
666 Old Country Rd., Suite 900, Garden City, New York 11530
Tel: 1.800.745.1755 | Fax: 516.745.0844