

> Phone: (415) 653-1733
> 505 Montgomery Street, Suite 1125
> San Francisco, CA 94111
> www.renakerscott.com

December 23, 2025

**BY ECF**

Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:   *Hecht v. New York Univ. & Democratic Socialists of Am., Inc.*
           No. 1:25-cv-03042-PAE
           Response to Plaintiff's Request for Pre-Motion Conference

Dear Judge Engelmayer:

       Defendant, Counter-Claimant, and Cross-Claimant Democratic Socialists of America, Inc. ("DSA Inc.") respectfully submits the following response to Plaintiff's request for a pre-motion conference filed December 19, 2025 (Dkt. 42.)

       Procedurally, because DSA Inc.'s and Plaintiff's cross-motions will address a single over-arching issue – whether DSA Inc. is the successor to the New American Movement ("NAM") such that DSA Inc. is the beneficiary entitled to the pension benefits at issue -- DSA Inc. respectfully suggests that for efficiency the Court order sequential briefing rather than simultaneous briefing. Specifically, DSA Inc. respectfully suggests that the Court order a briefing schedule as follows: Party 1 to file motion for summary judgment; Party 2 to file opposition and cross-motion (in one brief); Party 1 to file opposition and reply (in one brief); Party 2 to file reply. (DSA Inc. expresses no preference as to which party occupies the Party 1 slot.)

       Substantively, DSA Inc. will oppose Plaintiff's motion on the grounds set forth in DSA Inc.'s letter dated December 17, 2025 (Dkt. 40), and on the following additional grounds.

       **State Law Preempted.** Congress enacted ERISA to "create a system that is not so complex that administrative costs, or litigation expenses, unduly discourage employers from offering ERISA plans in the first place." *Conkright v. Frommert*, 559 U.S. 506, 517 (2010) (cleaned up). Thus, "[o]ne of the principal goals of ERISA is to enable employers to establish a uniform administrative scheme, which provides a set of standard procedures to guide processing of claims and disbursement of benefits."

Hon. Paul A. Engelmayer
December 23, 2025
Page 2

*Egelhoff v. Egelhoff*, 532 U.S. 141, 148 (2001) (internal quotation marks omitted). To that end, ERISA preempts state laws "insofar as they may . . . relate to any employee benefit plan." 29 U.S.C. § 1144(a). Here, the governing Plan instrument invokes this protection, providing that "[t]he Plan will be construed, administered and enforced according to the laws of the State of New York *to the extent not preempted by federal law*." (Emphasis added.) Uniformity of administration is enhanced where a plan's selection of one state's law supplies, for example, a needed statute of limitations. *See Wang Labs. v. Kagan*, 990 F.2d 1126, 1128-29 (9th Cir. 1993). But uniformity would be undermined if the Plan's choice-of-law provision were interpreted to require the Plan Administrator to resort to state law to determine the meaning of a common term like "successor" – and requiring the Plan Administrator to begin with a choice-of-law analysis to determine to which state's law it should look would be even worse.

***Reasonable Layperson's Understanding Controls.*** ERISA plans are interpreted "as would a person of average intelligence and experience." *Critchlow v. First UNUM Life Ins. Co. of Am.*, 378 F.3d 246, 256 (2d Cir. 2004); *see Barnes v. Amer. Intern. Life Assur. Co. of N.Y.*, 681 F. Supp. 2d 513, 525 (S.D.N.Y. 2010) ("[G]iven the absence of a definition of 'accident,' the reasonable employee would have undoubtedly concluded that the word 'accident' was to be given its ordinary, everyday meaning."). Here, NYU, as Plan Administrator, or its delegee TIAA, presented the plan participant with a beneficiary designation form containing the following language: "CONTINGENT BENEFICIARY (IES) (CLASS II): _____, located at _____, or any successor thereof." Nothing on the form or in any other Plan documentation informs participants that "successor" has anything other than its plain and ordinary meaning – much less that the Plan administrator will be required to determine successor status under whatever state law prevails in a choice-of-law contest. Indeed, the Plan's summary plan description – the ERISA-mandated explanation of plan terms issued to participants – states,

> **What Laws Govern the Plan?**
>
> The Retirement Plan is governed by current tax and other federal law as well as the rulings of the Internal Revenue Service and the Department of Labor. The Plan will always be construed to comply with these laws and rulings.

Thus, a reasonable layperson would understand that "successor" would be given its plain and ordinary meaning unless that meaning would cause the Plan to be out of compliance with current tax laws, other federal laws, or agency rulings. Resort to state law is unnecessary where ordinary principles of contract interpretation are sufficient to determine the meaning of an undefined plan term.

***Illinois and New York Corporations Law Inapplicable.*** Prior to April 1982, NAM, DSOC, and pre-incorporation DSA were unincorporated associations. "An unincorporated association is an organization composed of a body of persons united without a charter for the prosecution of some common enterprise." *Meinhart v.*

*Contresta*, 194 N.Y.S. 593, 594 (Sup. Ct. 1922). An unincorporated association can hold property in its own name. *See id*. State corporations law has nothing to say about formation or mergers of unincorporated associations. *See* N.Y. N-PCL § 901 (describing power of merger or consolidation of "two or more domestic corporations"); 805 ILCS 105/102.35 (describing effect of unincorporated association filing articles of incorporation in accordance with 805 ILCS 105/102.10). Following the merger that formed DSA, in April 1982, DSA filed articles of incorporation with the District of Columbia. DSA Inc. has been a D.C. nonprofit corporation ever since, though it is headquartered in New York. State law governing the incorporation process for Illinois and New York corporations does not apply to DSA Inc. *Id*.

***No Conflict of Laws.*** No choice-of-law analysis is required unless an actual conflict of laws exists. *Fieger v. Pitney Bowes Credit Corp.*, 251 F.3d 386, 393 (2d Cir. 2001). In interpreting an ERISA plan according to ordinary principles of contract interpretation, there is no conflict of laws because there is little difference between state and federal contract interpretation rules. *See Barnes*, 681 F. Supp. 2d at 520. Furthermore, in this case, Plaintiff contends that New York and Illinois law and federal common law all produce the same result, so no conflict of laws exists.

***New York Law Prevails in Choice-of-Law Analysis.*** "New York law is clear in cases involving a contract with an express choice-of-law provision: Absent fraud or a violation of public policy, a court is to apply the law selected in the contract as long as the state selected has sufficient contacts with the transaction." *Fieger*, 251 F.3d at 393 (internal quotation marks omitted). Here, the dispute is between a nonprofit headquartered in New York and the estate of a New York resident concerning the proper recipient of benefits under a New York employer's retirement plan, so New York has more than sufficient contacts. By the same token, if an analysis under New York choice-of-law rules were performed, New York law would prevail. New York's choice-of-law analysis in contracts cases looks to which state has "the most significant relationship to the transaction and the parties." *Id*. at 394 (internal quotation marks omitted). Here, the parties to the contract – that is, to the Plan -- are New York University and its employees. The transaction is the distribution of benefits to one of the competing claimants, who are, as noted, New York-based DSA Inc. and Prof. Greenberg's New York estate. No other state has any interest in this dispute.

Accordingly, DSA Inc. intends to oppose Plaintiff's motion. We thank the Court for its consideration of this matter.

    Very truly yours,

    RENAKER SCOTT LLP

By    [signature]

    Teresa S. Renaker

cc: counsel of record (by ECF)