UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARTIN HECHT AS ADMINISTRATOR OF THE ESTATE OF DAVID F. GREENBERG,

Plaintiffs,

v.

NEW YORK UNIVERSITY and DEMOCRATIC SOCIALISTS OF AMERICA, INC,

Defendants.

**JUDGMENT**

Civil Action No. 1:25-cv-03042-PAE

**WHEREAS**, pursuant to an Opinion and Order entered on July 27, 2026, the Court granted Democratic Socialists of America, Inc. ("DSA") summary judgment on its counterclaim for declaratory relief and denied plaintiff's motion for summary judgment on that claim;

**WHEREAS**, the Court further denied plaintiff's motion for summary judgment on his claims for declaratory and related relief and granted DSA's motion for summary judgment on those claims;

**WHEREAS**, the Court further granted DSA's motion for summary judgment on its cross-claim against New York University ("NYU") for an order directing NYU to distribute David F. Greenberg's retirement account under the New York University Retirement Plan for Members of the Faculty, Professional Research Staff and Administration to DSA;

**WHEREAS**, the Court further granted NYU's motion for summary judgment on all plaintiff's claims against it.

Accordingly, **IT IS ORDERED, ADJUDGED, AND DECREED** that judgment is entered in favor of defendant Democratic Socialists of America, Inc. on DSA's counterclaim for declaratory relief.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that plaintiff Martin Hecht, as Administrator of the Estate of David F. Greenberg, shall take nothing on the Complaint, and the Complaint is dismissed in its entirety and on the merits.

**IT IS FURTHER DECLARED** that, under David F. Greenberg's beneficiary designation for the Disputed Retirement Account (defined to include the RA Contract bearing Certificate Nos. A6132192/P6132190, the GSRA Contract bearing Certificate Nos. L30977S6/M30977S4, and the RC Contract bearing Certificate Nos. F1776563/H1776569 (ECF Doc. No. 48, ¶¶44-46)), Democratic Socialists of America, Inc. is the proper contingent beneficiary as the successor to the New American Movement.

**IT IS FURTHER DECLARED** that, because Greenberg's primary beneficiaries predeceased him, DSA is entitled to the Disputed Retirement Account.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that judgment is entered in favor of DSA on its cross-claim against NYU.

**IT IS FURTHER ORDERED** that NYU, in its capacity as plan administrator, shall take such actions as are necessary and appropriate, consistent with the Court's Opinion and Order and the governing plan and account documents, to cause the Disputed Retirement Account to be distributed to DSA.

**IT IS FURTHER ORDERED** that NYU shall direct that any hold or freeze placed on the Disputed Retirement Account be lifted to the extent necessary to effectuate that distribution through the ordinary plan administration and recordkeeping process; NYU shall provide DSA

with any required distribution paperwork within ten (10) business days after the date of this judgment, or shall notify DSA within ten (10) business days after the date of this judgment that no distribution paperwork is required; and distribution of the Disputed Retirement Account shall be made to DSA not more than ten (10) business days after the submission by DSA of completed paperwork to NYU or not more than ten (10) business days after NYU notifies DSA that no distribution paperwork is required.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that judgment is entered in favor of NYU on all claims asserted by plaintiff against NYU, including plaintiff's claims for benefits, declaratory or related relief, breach of fiduciary duty, and alternative equitable relief.

The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Date: August 3, 2026
New York, New York



23937887